UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL JOHN BUI,

      Plaintiff,

      v.

HENNEPIN COUNTY ECONOMIC
ASSISTANCE, JOSEPH P. YOUNG, and
GARY LARSON,

      Defendants.

Civil No. 08-4689 (RHK/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 3.)   The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

## I. BACKGROUND

In January 2008, Plaintiff commenced a lawsuit in the state district court for Hennepin County, Minnesota.  In that state court case, Plaintiff attempted to sue one of the Defendants in the present action, "Hennepin County Economic Assistance," based on a dispute over Plaintiff's entitlement to certain public assistance benefits.  The state court case was assigned to Judge Gary Larson, who is now one of the named Defendants in the present case.  The third named Defendant in the present case is Joseph P. Young, an Assistant Hennepin County Attorney, who represented "Hennepin County Economic

Assistance" in Plaintiff's prior state court lawsuit.

Defendant Young filed a motion in Plaintiff's prior state court case, seeking to have that case dismissed on several grounds.  Defendant Judge Larson granted the motion, and the state court case was dismissed with prejudice.

In Plaintiff's present federal court lawsuit, he claims that Defendant Young should not have filed a motion to dismiss the prior state court case, and that Defendant Judge Larson should not have granted that motion.  Plaintiff is seeking a $200,000.00 judgment against Defendants Young and Larson for wrongfully causing his prior state court case to be dismissed.  He is also asking for a judgment that would cause Defendant Young to be disbarred, and Defendant Larson to be removed from the state court bench.  It appears that Plaintiff is also attempting to revive and relitigate the claims against "Hennepin County Economic Assistance" that he tried to bring in his prior state court case.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action."  (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action <u>sua sponte</u>." <u>Williams v. Rogers</u>, 449 F.2d 513, 518 (8th Cir. 1971), <u>cert</u>. <u>denied</u>, 405 U.S. 926 (1972), (citing <u>Louisville and Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)).

In this case, there are no possible grounds for federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff has any actionable claim

based on the Constitution, laws or treaties of the United States.  Plaintiff's complaint does not identify the legal theory (if any) on which his claims are based; but the civil cover sheet filed with the complaint indicates that Plaintiff is attempting to bring a "tort" claim for "other personal injury," which, of course, would be a state common law claim.  In any event, the allegations in Plaintiff's complaint could not support any cause of action based on any federal statute, principle or doctrine.  Therefore, subject matter jurisdiction cannot exist under § 1331.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  In this case, it plainly appears that Plaintiff and all three Defendant reside in Minnesota,[1] so diversity of citizenship obviously does not exist.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[1] According to the civil cover sheet that Plaintiff filed with his complaint, the "County of Residence" for all of the parties in this action, (Plaintiff and all three Defendants), is Hennepin County, Minnesota.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

and

2.  This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: July 23, 2008                                   s/ *Franklin L. Noel*
                                                                    FRANKLIN L. NOEL
                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 11, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.