## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MICHAEL JOHN BUI,

          Plaintiff,

v.

HENNEPIN COUNTY ECONOMIC
ASSISTANCE, JOSEPH P. YOUNG, and
GARY LARSON,

          Defendants.

Civil No. 08-4689 (RHK/FLN)

**ORDER**

On August 25, 2008, the Court ordered that this case be dismissed for lack of subject matter jurisdiction. (Docket No. 6.) Thereafter, Plaintiff filed a Notice of Appeal. (Docket No. 8.) Plaintiff did not pay the $455 filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 9.) That IFP application is now before the Court.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An

appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application shows that he is currently unemployed, he has no income from any source, and he has no assets that could be used to pay the filing fee for his appeal. Based on the information furnished by Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status on appeal.

Although the Court remains fully satisfied that this action was properly dismissed for lack of jurisdiction, Plaintiff's appeal is not deemed to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken "in good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 9), is **GRANTED**.

Dated: November 26, 2008

                                           s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge